UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANK ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-0936 (EGS) |
| ) | |
| U.S. CAPITOL POLICE BOARD, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant, through counsel, respectfully moves this Court to dismiss Plaintiff's complaint with prejudice for lack of subject matter jurisdiction and failure to state a claim. In support of this motion, Defendant respectfully refers the Court to the attached memorandum of points and authorities.

Because this is a dispositive motion, the undersigned has not sought Plaintiff's consent before filing it. LCvR 7 (m).

Dated: November 26, 2007               Respectfully submitted,

_____
JEFFREY A TAYLOR, D.C. BAR #498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____
ANDREA MCBARNETTE, D.C. BAR #483789
Assistant United States Attorneys
555 4th Street, NW Rm. E4913
Washington, D.C. 20530
(202) 514-7153

FREDERICK M. HERRERA, D.C. BAR
United States Capitol Police
119 D Street, NE
Washington, D.C. 20510
(202) 593-3662

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRANK ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-0936 (EGS) |
| | ) | |
| U.S. CAPITOL POLICE BOARD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant, the Capitol Police Board, by and through the undersigned counsel, hereby submits this Memorandum in Support of Defendant's Motion to Dismiss the above-captioned Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction due to Plaintiff's failure to exhaust administrative remedies as required by Sections 1361 and 1403 of the Congressional Accountability Act (hereinafter "CAA").

Additionally, Defendant seeks dismissal of Plaintiff's age and/or promotion discrimination claim (Complaint paragraph 6); Plaintiff's Fair Labor Standards Act ("FLSA") claim (Complaint paragraph 7); and Plaintiff's hostile work environment claim (Complaint paragraph 8), pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted.

### BACKGROUND FACTS

On December 13, 2006, Plaintiff filed a formal request for counseling with the United States Office of Compliance in which he alleged that he was denied promotion

and training, he was subjected to a hostile work environment because of his age, race and retaliation, and that he was denied overtime pay in violation of the Congressional Accountability Act. (*See* January 25, 2007 Notice of Invocation of Mediation attached hereto as Exhibit 1.) The statutory counseling period ran from December 13, 2006 through January 12, 2007. (*See* February 23, 2007 End of Mediation Notice, attached hereto as Ex. 2.) On January 23, 2007, Plaintiff requested mediation. (*See* Ex. 1.) The Notice of Invocation of Mediation specifically stated:

> "[t]he mediation period, pursuant to §2.04(e) [of the Office of Compliance Procedural Rules] shall be 30 days beginning on the date the Office received the mediation request unless the Office extends the period upon the joint request of the parties. Absent submission of a formal settlement agreement to the Office, pursuant to §9.05(b), or a signed statement from the parties that they reached an informal settlement agreement, pursuant to §9.05(a) of the Procedural Rules, the Office will issue an end of Mediation Notice to the parties at the completion of the mediation period."

*Id*.

On February 22, 2007, the 30-day mediation period ended without the parties having held any mediation sessions as required by Office of Compliance Procedural Rules, and without any joint request for an extension of the mediation period being submitted to, or granted by the Office of Compliance. Thus, on February 23, 2007, the Office of Compliance issued an End of Mediation Notice indicating that the 30-day mediation period ended on February 22, 2007. (*See* Ex. 2.) On May 21, 2007, Plaintiff filed the above-captioned Complaint.

## STANDARD OF REVIEW

In resolving Fed. R. Civ. P. 12(b)(1) and 12(b)(6) motions to dismiss, the court will treat the complaint's factual allegations as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Sullivan-Obst v. Powell, Secretary, Department of*

2

*State*, 300 F. Supp. 2d 85, 91 (D.D.C. 2004); *Arbitraje Casa De Cambio v. United States Postal Serv.*, 297 F. Supp. 2d 165, 168 (D.C. C. 2003) (finding that substantially the same standard of review should be used to evaluate Fed. R. Civ. P. 12(b)(1) and 12(b)(6) motions).

A complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. at 1965. While "many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations." *Shirk v. Garrow*, 505 F.Supp.2d 169, 172 (D.D.C. 2007)

The court may consider certain additional evidence in deciding the motion. *See, e.g., Marshall Cty. Health Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993); *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986); *Scott v. England*, 264 F. Supp. 2d 5, 7 (D.D.C. 2002) (citing *Hohri*); *Arizmendi v. Lawson*, 914 F. Supp. 1157, 1160-61 (E.D. Pa. 1996) ("In resolving a Rule 12(b)(6) motion to dismiss, a court may properly look beyond the complaint to matters of public record including court files, records and letters of official actions or decisions of government agencies and administrative bodies, documents referenced and incorporated in the complaint and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion.").

**ARGUMENT**

**I.     Plaintiff Failed to Exhaust his Administrative Remedies**

Plaintiff's Complaint must be dismissed in its entirety for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because Plaintiff failed to mediate his claims in the Office of Compliance within the 30-day statutory period as required by CAA section 1402 and Office of Compliance Procedural Rules section 2.04(e).

The CAA provides the exclusive procedure for a litigant's claim of discrimination and/or retaliation.  *Blackmon-Malloy* v. *United States Capitol Police Bd.*, 338 F. Supp. 2d. 97, 103 (D.D.C. 2004).  Thus, a covered employee who believes that he or she has suffered discrimination or retaliation must first file a request for counseling with the Office of Compliance pursuant to CAA section 1402, proceed to mediation pursuant to CAA section 1403, and may only then elect to proceed in District Court or an administrative forum pursuant to CAA section 1404.  *See* 2 U.S.C. § 1402-1404; *see also Halcomb v. Office of the Senate Sergeant-at-Arms of the U.S. Senate*, 209 F. Supp. 2d 175, 176 (D.D.C. 2002) (A civil action may be commenced by a covered employee only to seek redress for a violation for which the employee has *completed counseling and mediation*) (emphasis in original); *Delfani v. United States Capitol Guide Bd.*, Civ. A. No. 03-0949, 2005 WL 736644, at *3 (D.D.C. Mar. 31, 2005) (Any claims pursuant to [the dispute resolution process set forth in the CAA] must adhere to the terms that condition such a waiver of sovereign immunity).

Moreover, the Procedural Rules of the Office of Compliance further clarify that the mediation period for claims alleged is 30-days unless a joint request for an extension is submitted in writing by the parties. *See* Office of Compliance Proc. R. 2.04(e).

"Unlike Title VII, the CAA specifically limits jurisdiction to cases where a plaintiff has timely exhausted administrative remedies. Similarly, only when a plaintiff timely complies with the counseling and mediation requirements of the CAA does the United States, as sovereign, waive immunity and subject itself to suit. Plaintiffs bear the burden of persuasion to establish subject matter jurisdiction in response to a Rule 12(b)(1) Motion to Dismiss. Bare allegations of exhaustion are not enough to establish subject matter jurisdiction in the face of a challenge." *Blackmon-Malloy v. U.S. Capitol Police Bd.*, Civ. A. No. 01-2221, 2007 WL 841019, at *3 (D.D.C. Mar. 19, 2007) (citations omitted).

Plaintiff has failed to plead sufficient facts to establish subject matter jurisdiction under the terms set forth within the CAA. Specifically, Plaintiff has not – and cannot – establish that he mediated his claims within the 30-day mediation period established by the Office of Compliance for his case pursuant to section 1403 of the CAA and Office of Compliance Procedural Rule §2.04(e). In paragraph 4 of his Complaint, Plaintiff states only that his "mediation period began on January 23, 2007 and ended February 22, 2007." (Compl. ¶ 4.) Plaintiff does not allege that a mediation session was held during that 30-day period and, indeed, no such session was held within the mediation period. Plaintiff does not even allege that he made any efforts to have a mediation session. Defendant, therefore, requests dismissal of Plaintiff's Complaint in its entirety for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

5

## II. Plaintiff Has Failed To State Claims For Which Relief Can Be Granted

### A. Promotion And/Or Age Discrimination Claims

In paragraph 6 of the Complaint, Plaintiff alleges that "Defendant denied Plaintiff promotional opportunities because of Plaintiff's age," but provides no reference whatsoever to any promotion that he requested and was denied within the 180-day period applicable to his case. (*See* Compl. ¶ 6.) Instead, after making this vague statement regarding denial of a promotion due to his age, Plaintiff inexplicably launches into a brief discussion regarding settlements that he claims the Capitol Police Board approved for white Capitol Police officials who alleged age discrimination in the U.S. Office of Compliance and concludes, without further explanation, that each of the white Capitol Police Officials "is younger than Plaintiff." (*Id.*) These vague and disjointed statements make up Plaintiff's entire claim of age and/or promotion discrimination.

The allegations in Paragraph 6 of the Complaint are insufficient to state a claim for relief that is plausible on its face with respect to Plaintiff's claim of discriminatory promotion denial based on age. Indeed, the Complaint's allegations do not suggest that Plaintiff applied, was considered, or rejected for an available promotion within the time period applicable to this age discrimination claim, and the Complaint's allegations also fail to suggest that Plaintiff was denied a promotion in favor of a younger individual. *See Dressler v. Martinez*, No. 04-5188, 2005 WL 79038, at *1 (D.C. Cir. Jan. 12, 2005) ("appellant had failed to establish a prima facie case of age discrimination under the ADEA, as the person who was selected for the relevant position was not substantially younger than appellant").

6

Indeed, the only comparison made by Plaintiff in the Complaint alleges that the Capitol Police Board approved a settlement with several younger Capitol Police officials. (*See* Compl. ¶ 6.) Plaintiff does not, however, suggest that these individuals were promoted as a result of such a settlement, nor does he offer any other explanation as to how a settlement allegedly approved with respect to other Capitol Police officials, even if younger than Plaintiff, relates to his claim that he was denied an unnamed promotion because of his age. Because Plaintiff has failed to state facts sufficient to raise his claim of entitlement to relief for promotion denial and/or age discrimination above mere speculation, the Court should dismiss the claim.

### B. FLSA Claim

Plaintiff's FLSA claim must be dismissed because the facts alleged in the Complaint fail to establish that Plaintiff is entitled to relief. In Paragraph 7 of the Complaint, Plaintiff claims that he was denied "fair overtime compensation due to the wrongful classification of Plaintiff's rank as an exempted employee under the Fair Labor Standards Act." (*See* Compl. ¶ 7.) Plaintiff bases the claim that he has been wrongly classified and denied overtime compensation upon "section 541.3(b)" of the Fair Labor Standards Act regulations that were published by the Department of Labor in 2004. (*Id.*) The cited regulation is not applicable to legislative branch employees, including Plaintiff.[1]

---

[1] Furthermore, as a Lieutenant within the U.S. Capitol Police Department, Plaintiff does not have a statutory entitlement to the receipt of overtime pursuant to the FLSA. Rather, the USCP Chief of Police has the statutory discretion to provide, or not provide, overtime compensation to individuals at the rank of lieutenant and above. Pub. L. No. 108-7 § 1009(a)-(b) (Feb. 20, 2003) ("The Chief of the Capitol Police may provide for the compensation of overtime work of officers of the Capitol Police at the rank of lieutenant and higher . . ."). As a result, Plaintiff cannot establish that he has a right to relief pursuant to the FLSA, and his claim must be dismissed for failure to state a

7

The CAA incorporates provisions of twelve employment laws to make them eligible to certain legislative branch employees. With respect to the FLSA regulations, CAA section 1313(c)-(d) calls on the Board of Directors of the Office of Compliance to "issue regulations to implement this section," and explains that such regulations:

> "shall be the same as substantive regulations promulgated by the Secretary of Labor to implement the statutory provisions referred to in subsections (a) and (b) of this section, *except insofar as the board may determine, for good cause shown and stated together with the regulation, that a modification of such regulations would be more effective for the implementation of the rights and protections under this section*."

*See* 2 U.S.C. §1313(d) (*emphasis added*).

Thus, for every regulation issued by the Secretary of Labor, the U.S. Office of Compliance is required to make a determination as to whether the regulation, or a modification thereof, will be applied to legislative branch employers pursuant to the CAA. Moreover, section 1384 of the CAA sets forth the rulemaking process by which the Board of Directors of the Office of Compliance is required to propose regulations for application to the legislative branch pursuant to the CAA. *See* 2 U.S.C. § 1384. No regulation can be made to apply to legislative branch employers pursuant to the CAA, unless it has been thoroughly vetted through the process set forth in CAA section 1384.

On August 23, 2004, the Secretary of the Department of Labor issued amended regulations regarding various exemptions from the overtime pay requirements of the FLSA, including the updated section 541.3(b) relied upon by Plaintiff in the instant action. *See* 69 Fed. Reg. 22122 (Aug. 23, 2004). As required by CAA section 1384, on September 29, 2004, the Office of Compliance published in the Congressional Record a Notice of Proposed Rulemaking ("NPR") regarding amendments to the Substantive Rules

---

claim for which relief can be granted.

8

of the Office of Compliance. *See* 150 Cong. Rec. S9917 (Sept. 29, 2004); and 150 Cong. Rec. H7850 (Sept. 29, 2004). On March 9, 2005, the Office of Compliance issued its Notice of Adoption of Substantive Regulations and Submission for Congressional Approval regarding the Proposed Replacement of the Office of Compliance Regulations implementing exemptions from the overtime pay requirements under the Fair Labor Standards Act of 1938 (FLSA). *See* 151 Cong. Rec. S2342 (March 9, 2005); and 151 Cong. Rec. H1225 (March 9, 2005). To date, Congress has not approved the new FLSA regulations for application to legislative branch employers under the CAA. For this additional reason, Plaintiff cannot establish a claim for relief that is plausible on its face, and Plaintiff's FLSA claim must be dismissed for failure to state a claim for which relief can be granted.

    **C.**    **Hostile Work Environment Claim**

In Paragraph 8 of the Complaint, Plaintiff claims that Defendant has subjected "Plaintiff as well as other Afro-American employees" to "hostile working conditions" by allegedly refusing to "properly investigate a letter which was written anonymously" and distributed to Department personnel and members of the U.S. Congress regarding alleged misconduct by Department employees, including two high-ranking African-American employees. (*See* Compl. ¶ 8.) On their face, the facts set forth by Plaintiff in paragraph 8 of the Complaint fail to support his claim of a hostile work environment.

"A hostile work environment claim is composed of a series of separate acts that collectively constitute one unlawful employment practice." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002). (internal quotation marks omitted). A work environment is considered "hostile" under Title VII only when it is "permeated with

9

discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 78 (1998) *quoting Harris v. Forklift Sys., Inc*. 510 U.S. 17, 21 (1993). To determine whether a work environment is sufficiently "hostile" to support a Title VII claim, the Court must look at the totality of circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. *Harris,* 510 U.S. at 23. "[C]onduct must be *extreme* to amount to a change in the terms and conditions of employment." *Faragher v. Boca Raton*, 524 U.S. 775, 788 (1998)(emphasis added). "[O]ffhand comments[ ] and isolated incidents (unless extremely serious)" do not meet this standard. *Id.* [N]ot all abusive behavior, even when it is motivated by discriminatory animus, is actionable." *Stewart v. Evans*, 275 F.3d 1126, 1133 (D.C. Cir. 2003). These standards are "sufficiently demanding to ensure that Title VII does not become a general civility code." *Faragher,* 524 U.S. at 788 (quoting *Oncale,* 523 U.S. at 80). Moreover, Title VII "does not prohibit all forms of workplace harassment," but only harassment based on a person's membership in a class protected by Title VII. *Stewart*, 275 F.3d at 1133.

Even assuming the truthfulness of the allegations in paragraph 8 of the Complaint, Plaintiff's allegations fail to state a hostile work environment claim as a matter of law.

First, Plaintiff alleges only one incident – Defendant's failure to investigate a

single letter – as constituting a hostile work environment. (*See* Compl. ¶8.) Thus, Plaintiff has not set forth a series of separate acts, instead, Plaintiff has, at best, alleged the sort of isolated incident that this court has repeatedly determined will not give rise to a cognizable hostile work environment claim. *See Roof v. Howard University*, 501 F. Supp. 2d 108. 114 (D.C.C. 2007) ("a few isolated incidents of offensive conduct do not amount to actionable harassment") *quoting Stewart v. Evans,* 275 F.3d 1126. 1134 (D.C. Cir. 2002); *see also Cross v. Small*, Civ. A. No. 04-1253, 2006 WL 2819758 (D.D.C. Sep. 29, 2006) (granting motion to dismiss hostile work environment claim and noting that isolated incidents are insufficient to implicate Title VII protections). As such, Plaintiff's hostile work environment claim must be rejected.

Second, the alleged facts do not suggest that Defendant's alleged failure to investigate the anonymous letter was the result of race discrimination. Significantly, Plaintiff acknowledges that only two of the approximately sixteen individuals mentioned in his "Exhibit B" are African-American. (*See* Compl. ¶ 8.) Thus, it does not appear that Defendant's alleged failure to investigate the anonymous letter resulted from race discrimination. *See Oncale*, 523 U.S. at 81 (plaintiff must show that conduct constituted discrimination because of membership in a protected class); *Bryant v. Brownlee*, 265 F. Supp. 2d 52, 63 (D.D.C. 2003) (noting the importance of excluding from consideration, hostile work environment claims that "lack a linkage of correlation to the claimed ground of discrimination").

Third, the alleged facts do not suggest the existence of an objectively hostile work environment that is "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [his] employment

and create an abusive working environment." *Harris,* 510 U.S. 17 at 21. Plaintiff has plead no facts suggesting that Defendant's alleged failure to investigate an anonymous letter had any impact on his work environment or even his ability to perform his job. Rather, Plaintiff has simply set forth his unsubstantiated opinion that Defendant should have investigated an anonymous letter, but failed to do so. Even if true, such inaction, without more, is nothing more than a trivial workplace incident that this Court has acknowledged does not rise to the level of a hostile work environment claim. *Singleton*, 402 F. Supp. 2d at 43 (rejecting hostile work environment claim where plaintiff failed to show that workplace incidents had an impact on day-to-day performance). Therefore, the Court should dismiss Plaintiff's hostile work environment claim for failure to state a claim for which relief can be granted.

## **CONCLUSION**

For all of the foregoing reasons, Defendant respectfully requests dismissal of the above-captioned case in its entirety, with prejudice.

Dated: November 26, 2007              Respectfully submitted,


                                      _____/s/_____
                                      JEFFREY A TAYLOR, D.C. BAR #498610
                                      United States Attorney


                                      _____
                                      RUDOLPH CONTRERAS, D.C. BAR #434122
                                      Assistant United States Attorney


                                      _____
                                      ANDREA MCBARNETTE, D.C. BAR #483789
                                      Assistant United States Attorneys
                                      555 4th Street, NW Rm. E4913
                                      Washington, D.C. 20530
                                      (202) 514-7153

FREDERICK M. HERRERA, D.C. BAR
United States Capitol Police
119 D Street, NE
Washington, D.C. 20510
(202) 593-3662

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing Motion to Dismiss was served by first class mail, postage prepaid on November 26, 2007 upon *pro se* plaintiff at the following address:

Frank Adams (Pro Se)
5817 South Marwood Blvd.
Upper Marlboro, MD 20772
301-599-6882 (Home)
202-369-9256 (work)

 

_____
Andrea McBarnette
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRANK ADAMS,                    )
                                )
            Plaintiff,          )
                                )
      v.                        )    Civil Action No. 07-0936 (EGS)
                                )
U.S. CAPITOL POLICE BOARD,      )
                                )
            Defendant.          )
                                )

ORDER

UPON CONSIDERATION of Defendant's dispositive motion, the memorandum of points and authorities in support thereof, any opposition thereto, any reply, and the record herein, it is hereby ORDERED that the motion is GRANTED.

SO ORDERED, on this _____ day of _____, 2007.

_____
United States District Court Judge

The failure to include an express private right of action constitutes a bar to a claim such as Plaintiff's because there is no consent to suit or waiver of sovereign immunity. Russell v. U.S. Dept. of the Army, 191 F.3d 1016, 1018-19 (9th Cir. 1999); Mann v. Haigh, 120 F.3d 34, 37 (4th Cir. 1997).

Plaintiff asserts that the Court has jurisdiction over FMLA claims by 29 U.S.C. § 825.400(a)(2). Complaint ¶ 3. However, plaintiff is not covered by 29 U.S.C. § 825.400(a)(2). Here, it is undisputed that defendant employed plaintiff for more than twelve months of service. (Bolles Dec. ¶ 3). The right to enforce statutory rights concerning family and medical leave for federal employees with less than one year of service is governed by Title I of the FMLA Act, 29 U.S.C. § 2601 through 2619, including § 2617(a) (2), which expressly provides for a private right of action to enforce entitlement to leave. See Russell v. United States Department of the Army, 191 F.3d 1016, 1018 (9th Cir. 1999); Sullivan-Obst v. Powell, 300 F.Supp.2d 85, 98 (D.D.C. 2004). However,

Federal employees who have more than one year of service, such as plaintiff, are governed by the provisions of Title II of the FMLA, appearing at 5 U.S.C. §§ 6381 through 6386. Title II does not grant a private right of action to an aggrieved employee. Id. The failure to include an express private right of action constitutes a bar to a claim such as Plaintiff's because there is no consent to suit or waiver of sovereign immunity. Russell v. U.S. Dept. of the Army, 191 F.3d 1016, 1018-19 (9th Cir. 1999) ("No unequivocal waiver of immunity exists in Title II, and, consequently, the omission of a provision in Title II similar to that in Title I

creating a private right of action is treated as an affirmative congressional decision that the employees covered by Title II of the FMLA should not have a right to judicial review of their FMLA claims through the FMLA.  Accordingly, Title II of the FMLA creates neither an express nor an implied right of action whereby [covered] employees may obtain judicial review of adverse employment decisions."); Mann v. Haigh, 120 F.3d 34, 37 (4th Cir. 1997).  As such, plaintiff cannot prove any set of facts that would entitle him to relief. Accordingly, since plaintiff has not stated facts or otherwise shown that this court has subject matter jurisdiction over his FECA or FMLA claims, the court should dismiss Counts VII and VIII.