UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
FEB - 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

FRANK ADAMS             )
                        )
        Plaintiff,      )
                        )
    v.                  )   Civil Action No. 07-0936 (EGS)
                        )
U.S. CAPITOL POLICE BOARD )
                        )
                        )

        Defendant

## Plaintiff's Opposition to Defendant's Motion to Dismiss

### Analysis

Defendant contends that the Court should dismiss Plaintiff's complaint due to a lack of subject matter jurisdiction and for failure to state a claim for which relief may be grated pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

### Standard for Dismissal

The threshold for dismissal under Fed. R. Civ.P. 12(b)(6) is high. "[A] complaint should not be dismissed for failure to state a claim unless is appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 46 (1957). "In analyzing the complaint, [the Court] will accept all well-plead facts as true, viewing them in the light most favorable to the plaintiff... the issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." Jones v. Greninger, 188 F.3d. 322, 324 (5th Cir. 1999). "A motion to dismiss under rule 12(b)(6) is viewed with disfavor and rarely granted." Benal v. Freeport-Morgan, Inc., 197 F.3d 161, 164 (5th Cir.1999). See also, Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) cert. denied sub nom Cloud v. U.S., 122 S. Ct. 2665 (2002).

Similarly, motions to dismiss under Fed.R.Civ.P. 12(b)(1) "should be granted sparingly," and only "where adequate time is given to complete discovery and all the jurisdictional facts are fully developed and placed before the court." Martin v. Morgan Drive Away Inc., 665 F.2d 598, 602 n. 1 (5th Cir. Unit A 1982) (quoting Chatham Condominium Associations v. Century Village, Inc. 597 F.2d 1002, 1012-13 (5th Cir. 1979.) "A motion under 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." Home Builders Association of Mississippi, Inc. v. City of Madison, Mississippi, 143 F.3d 1006, 1010 (5th Cir. 1998). "[D]ismissal of a claim for want of subject matter jurisdiction is only appropriate where the claim is insubstantial and frivolous, or is immaterial, or the claim is made solely to contrive jurisdiction," Taylor v. st. Clair, 685 F.2d 982, 9986 95th Cir.1982).

In determining jurisdiction the court 'may evaluate (1) the complaint alone (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts, "Den Norske Stats Oljeselskap As HeereMac Vof, 241 F.3d 420, 424 (5th Cir. 2001), but "[n]evertheless, [the court] must accept all factual allegations in the plaintiff's complaint as true." Id. Given the Federal Rules' simplified standard for pleading, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

In resolving Fed. R. Civ P. 12(b)(1) and 12(b)(6) motions to dismiss, the court will treat the complaint's factual allegations as true and draw all reasonable inferences there from in the plaintiff's favor. *Sullivan-Obst v. Powell, Secretary, Department of State*, 300 F. Supp. 2d 85, 91 (D.D.C. 2004); *Arbitraje Casa De Cambio v. United States Postal Serv.* 297 F. Supp. 2d 165 (D.C.C. 2003) (finding that substantially the same standard of review should be used to evaluate Fed. R. Civ. P. 12(b)(1) and 12(b)(6) motions).

## Argument

1. Defendant made numerous unsupported representations throughout its motion that seek to undermine Plaintiff's factual allegations. For instance;

(A) Defendant stated that Plaintiff failed to exhaust his administrative remedies and that Plaintiff's complaint must be dismissed in its entirety for lack of subject matter jurisdiction for failing to mediate his claims in the Office of Compliance within 30-day statutory period as required by the Congressional Accountability Act. Defendant is well aware, or should be aware that Plaintiff mediated his claims within the statutory period.

However, Defendant continues its formula for success, which is, deceiving the Court with issues contrary to fact and law. Included in Plaintiff's opposition is the mediation letter signed at mediation by Plaintiff and the attorney who represented the U.S. Capitol Police Board at mediation (Exhibit A). Also refer to Exhibit's 1 and 2 in Defendant's Motion to Dismiss for copies of the Notice of Invocation of Mediation Letter and the End of Mediation Notice issued to Plaintiff by the Congressional Office of Compliance at the start of and conclusion of mediation. Defendant's exhibits also support Plaintiff's claims. Again, the Supreme Court stated that [the court] in resolving Fed. R. Civ P. 12(b)(1) and 12(b)(6) motions to dismiss, will treat the complaint's factual allegations as true and draw all reasonable inferences there from in the plaintiff's favor. *Sullivan-Obst v. Powell, Secretary, Department of State*, 300 F. Supp. 2d 85, 91 (D.D.C. 2004); *Arbitraje Casa De Cambio v. United States Postal Serv.* 297 F. Supp. 2d 165 (D.C.C. 2003) (finding that substantially the same standard of review should be used to evaluate Fed. R. Civ. P. 12(b)(1) and 12(b)(6) motions).

(B) Defendant stated that Plaintiff's Complaint must be dismissed because Plaintiff failed to state a claim for which relief can be granted in regards to his age discrimination, Hostile Work Environment and FSLA pay and overtime compensation claims. In fact, these are all claims for which relief may be granted. Plaintiff sufficiently met the pleading standards as required by the U.S. Supreme Court and Federal Rules of Civil Procedure by giving notice to Defendant and by making a short plain statement showing that he is entitled to relief.

In spite of the pleading standards established by the U.S. Supreme Court and the Federal Rules, Defendant implied throughout its motion to dismiss that Plaintiff should establish a prima facie case and prove his case by supplying all relevant facts in support of his allegations. In Swierkuewicz v. Sorema the U.S. Supreme Court stated the following: "An employment discrimination complaint need not include specific facts establishing a prima facie case of discrimination under the framework set forth by this Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) but instead must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). In its opinion the Court stated that "this Court has never indicated that the requirements for establishing a prima facie case under McDonnell Douglas also apply to the pleading

standard that plaintiffs must satisfy in order to survive a motion to dismiss. For instance, we have rejected the argument that a Title VII complaint requires greater "particularity," because this would "too narrowly constric[t] the role of the pleadings." McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 283, n. 11 (1976).

Consequently, the ordinary rules for assessing the sufficiency of a complaint apply. See, e.g., Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims")."

The Court further stated that "it thus seems incongruous to require a plaintiff, in order to survive a motion to dismiss, to plead more facts than he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered." ......"[T]o measure a plaintiff's complaint against a particular formulation of the prima facie case at the pleading stage is inappropriate". Before discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima facie case in a particular case. Given that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases. Furthermore, imposing the Court of Appeals' heightened pleading standard in employment discrimination cases conflicts with Federal Rule of Civil Procedure 8(a)(2)."

In disputing Plaintiff's hostile work environment claim Defendant cited *National Passenger Railroad Corp v. Morgan* and other case law in an attempt to cloud or confuse the issue. In *Morgan* Defendant relied on statements such as; "A hostile work environment claim is composed of a series of separate acts that collectively constitute one unlawful practice" implying that Plaintiff's allegation in this particular Complaint is his first and only such allegation. However, Defendant failed to mention that the present allegation is not one isolated event and that Plaintiff had filed several, related, Hostile Work Environment Complaints against same Defendant over a period of years dating back to 2001. *Morgan* states that "Hostile work environment claims are different in kind from discrete acts. Because their very nature involves repeated conduct, the "unlawful employment practice," §2000e—5(e)(1), cannot be said to occur on any particular day. It occurs over a series of days or perhaps years..... See Harris v. Forklift Systems, Inc., 510 U.S. 17,"

Conditions constituting hostile work environment are ingrained in the culture of the Capitol Police Department. Such conditions have been used as weapons of discrimination and retaliation against Defendant and others for years. The fact that the Capitol Police Board would not investigate slanderous allegations that the second highest ranking black official on the Department (identified by name in a widely circulated letter) engaged in in-appropriate

sexual activities with a black female subordinate (also identified by name in the letter) and the highest ranking black officials engaged in prior illegal drug use promotes this hostile culture. These allegations have significant racial animus. It is insulting and humiliating that black men and women are still being portrayed in such a stereotypical manner. The fact that the Defendant refused to take action or even acknowledge a problem with this behavior its motion to dismiss, shows that Defendant "still doesn't get it."

Regarding Plaintiff's FSLA claims, Defendant admits that since March 9, 2005, the Capitol Police Board has not been in compliance with the new FSLA regulations regarding pay and overtime exemptions which allows for first responders regardless of rank to be paid time and a half for working overtime. However, Defendant failed to state why the legislative branch is not complying with the Congressional Accountability Act; more specifically the U.S. Code Title 2, Chapter 24, Sub-Chapter I, Section. 1302(a) which state that the following laws shall apply, as prescribed by this chapter, to the legislative branch of the Federal Government: (1) The Fair Labor Standards Act of 1938 (29 U.S.C. 201 et seq.)...........

(C) In previous Complaints filed against Defendant, Plaintiff alleged that he was discriminated against when the Defendant denied him opportunities to attend the John Hopkins Graduate Public Safety Executive Leadership Program (PELP). In this most recent Complaint, Civil Action No. 07-0936, Plaintiff alleged that because of the previous allegations of discrimination regarding PELP, the Defendant retaliated against him by changing the eligibility requirements, thereby making it impossible for Plaintiff, regardless of his rank or position, to ever qualify for PELP again. This adverse employment action, clearly retaliatory, was appropriately alleged in Plaintiff's Civil Action No. 07-0936. By Defendant's failure to dispute this allegation in its motion to dismiss, Defendant concedes that Plaintiff's allegation of retaliation relative to PELP is in fact true. Since this allegation of retaliation is a major part of Plaintiff's Complaint, supported by exhibits, its unlikely that Defendant merely overlooked it.

## Conclusion

For all of the foregoing reasons, Plaintiff, Frank Adams, respectfully requests that this Honorable Court issue an order denying Defendant's Motion to Dismiss in its entirety.

Date: January 30, 2008                     Respectfully Submitted

                                           *[signature]*
                                           Frank Adams
                                           Pro Se

Certificate of Service

Civil Action No. 07-0936 (EGS)

**I hereby certify** that a copy of the foregoing Motion "Plaintiff's Opposition to Defendant's Motion to Dismiss" was time stamped and placed in the U.S. District Court's over night drop box on January 30th, 2008 at approximately 11:15 P.M. **I further certify** that this motion was served by First Class mail, postage prepaid on February 7, 2008 upon Defendant, Ms. Andrea McBarnette, Assistant U.S. Attorney for the District of Columbia at the following address:

The U.S. Attorney for the District of Columbia

Attention: Ms. Andrea McBarnette, RM E4913

555 4th Street, S.W.

Washington, DC, 20530

Even though my Motion of Opposition to Defendant's Motion to Dismiss was timely filed on January 30, 2008, I neglected to serve the Defendant on the same day. I apologize to the Court and to the Defendant.

Frank Adams

Pro Se

## OFFICE OF COMPLIANCE
### Mediation Agreement
Case No. 07-CP-17

Mediation has been requested under Section 403 of the Congressional Accountability Act, and the Rules of Procedure of the Office of Compliance. The mediation period is 30 calendar days beginning on 1/23/07. Upon the joint request of the covered employee and the employing office, the Office of Compliance may extend the mediation period. Before active mediation proceeds, this Agreement must be signed by both parties.

The parties to this Agreement are the employee and any designated representative, and the employing office and any designated representative. The parties understand that the mediator is a neutral, and is not acting as advocate or attorney for either party. The parties agree to participate cooperatively and in good faith with the mediator and the Office in an attempt to resolve the matter in dispute through the process of mediation.

### CONFIDENTIALITY

Section 416(b) of the Congressional Accountability Act, and sections 1.06, 1.07, and 2.04 of the Rules of Procedure provide that all mediation is strictly confidential. There is no provision for waiver of this confidentiality by the parties to this mediation.

The parties are aware of the confidentiality requirements referenced above, and agree that the mediation process, including all communications, statements, and documents prepared for the mediation, are confidential. The parties to the mediation, the mediator, and the Office shall not disclose in whole or in part any communications, statements, or documents prepared for mediation. Any such information or documents which are obtained, exchanged, or imparted during mediation may not be disclosed by the neutral or any party to the mediation. The only exceptions are that: (1) the mediator and the Office may communicate with each other about the substance of the mediation, (2) a party may consult with its representative, and (3) a party or its representative may disclose such information for the limited purposes of investigating claims, ensuring compliance with the Act or preparing its prosecution or defense. Any such disclosure must be reasonably necessary to accomplish the aforementioned purposes, and the party making the disclosure must take all appropriate steps to ensure that third parties to whom the information is disclosed also maintain the confidentiality of the disclosed information.

Neither party will request or compel either the individual(s) who counseled the employee or the mediator in this matter to testify or provide information regarding this matter in any civil action under Section 408 of the Act, hearing under Section 405 of the Act, or in any other proceeding. The mediator will not testify on behalf of either party, and will not voluntarily disclose to third parties any confidential information regarding this mediation, except as provided in the paragraph above. Nothing in this Agreement will preclude the Office from publicly disclosing statistical information that does not reveal the identity of employees or employing offices involved in mediation.

_____          _____
Employee/Representative                          Representative(s) of Employing Office

Date 2/23/2007                                   2/23/07

**THIS AGREEMENT MUST BE SIGNED BY BOTH PARTIES**

Effective 10/9/03

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANK ADAMS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-0936 (EGS) |
| ) | |
| U.S. CAPITOL POLICE BOARD ) | |
| ) | |
| Defendant | |

## Order

**UPON CONSIDERATION** of Plaintiff's Opposition to Defendant's Motion to Dismiss, and the entire Record in this Case, it is this _____ day of _____, 2008, hereby

**ORDERED**, that, Defendant's Motion to Dismiss is hereby DENIED.

_____
Judge Emmet G. Sullivan