UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANK ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-0936 (EGS) |
| ) | |
| U.S. CAPITOL POLICE BOARD, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

The Defendant, United States Capitol Police Board, hereby submits this Reply in Support of its Motion to Dismiss. Defendant's motion should be granted because, as it demonstrates below, Plaintiff has failed to exhaust his administrative remedies and he has failed to state a claim upon which relief can be granted.

**I. Plaintiff Failed to Exhaust his Administrative Remedies**

In Plaintiff's Opposition to Defendant's Motion to Dismiss, he does not dispute that mediation did not take place within 30 days as required by Section 403 of the Congressional Accountability Act ("CAA"). That section states that the "mediation period **shall** be 30 days beginning on the date the request for mediation is received." 2 U.S.C. § 1403(c) (emphasis added). Plaintiff admits in his complaint that the mediation period "began on January 23, 2007 and ended February 22, 2007." Compl. ¶ 4. So it is undisputed that this was the mediation period. The mediation period may only "be extended for additional periods at the joint request of the covered employee and the employing office." 2 U.S.C. § 1403(c). Section 2.04(e)(2) of

the Office of Compliance Procedural Rules elaborates on that requirement.  Under that regulation the Office of Compliance

> may extend the mediation period upon the joint **written** request of the parties, or of the appointed mediator on behalf of the parties, to the attention of the Executive Director.  The request **shall be written** and filed with the Office **no later than the last day** of the mediation period.  The request shall set forth the joint nature of the request and the reasons therefore, and specify when the parties expect to conclude their discussions.  Requests for additional extensions may be made in the same manner.  Approval of any extensions shall be within the **sole discretion** of the Office [of Compliance]."

Office of Compliance Procedural Rule 2.04(e)(2) (emphasis added).

Plaintiff did not provide the Court with any document to establish that he mediated his claims within the 30-day mediation period established by the Office of Compliance for his case pursuant to section 1403 of the CAA and Office of Compliance Procedural Rule §2.04(e).  Plaintiff's Exhibit A, provided with his Opposition to Defendant's Motion to Dismiss, is a Mediation Agreement indicating that the parties mediated the case on February 23, 2007, after the conclusion of the statutory period.  That Mediation Agreement was neither a request by the parties to extend the mediation period nor was it submitted "no later than the last day of the mediation period."  Consequently, no written request was submitted by the parties to extend the mediation period no later than the last day thereof.  Moreover, any extension is within the sole discretion of the Office of Compliance.  Here, the Office of Compliance did not grant an extension of the mediation period.  Thus, the Office of Compliance ended the mediation period on February 22, 2007. Plaintiff does not allege that a mediation session was held during that 30-day period and, indeed, no such session was held within the mediation period.  Plaintiff, therefore, did not exhaust his administrative remedies, and Defendant requests dismissal of

2

Plaintiff's Complaint in its entirety for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

**II. Plaintiff Has Failed To State Claims for Which Relief Can Be Granted**

Assuming *arguendo* that Plaintiff has met his jurisdictional requirements and exhausted his administrative remedies, he has still failed to establish a claim of discrimination or retaliation for his age, Fair Labor Standards Act ("FLSA") or hostile work environment allegations.

**A. Promotion And/Or Age Discrimination Claims**

Specifically, with regard to his age discrimination allegation on promotion, Plaintiff's allegations do not suggest that Plaintiff applied, was considered, or rejected for an available promotion within the time period applicable to this age discrimination claim, and also fail to suggest that Plaintiff was denied a promotion in favor of a younger individual. See Dressler v. Martinez, No. 04-5188, 2005 WL 79038, at *1 (D.C. Cir. Jan. 12, 2005) ("appellant had failed to establish a prima facie case of age discrimination under the ADEA, as the person who was selected for the relevant position was not substantially younger than appellant"). Furthermore, Plaintiff does not dispute that there was no promotional process in which he participated within the 180 statutory time period. In his Opposition, Plaintiff completely abandons any claim of a failure to promote based on age, and points to no promotional processes that took place within 180 days of the alleged violation as required by the CAA. See 2 U.S.C. § 1402(a). As such, his failure to promote and age discrimination claims must be dismissed based on the arguments raised in Defendant's Motion to Dismiss. Because Plaintiff has abandoned his claim of

3

entitlement to relief for promotion denial and/or age discrimination, the Court should dismiss the claim.

### B. FLSA Claim

With regard to his FLSA allegation, Plaintiff does not dispute that the FLSA regulations he refers to in his Complaint have not been adopted by the Congress under the CAA.  Further, Plaintiff does not dispute the statutory process articulated by Defendant in its Motion to Dismiss and merely responds that he met the pleading standards required by the Federal Rules of Civil Procedure.  See Defendant's Motion to Dismiss at 8-9; see also Plaintiff's Opposition to Defendant's Motion to Dismiss at 3.  The entire basis of Plaintiff's claims surrounds Department of Labor procedural regulations that have not been adopted by Congress under the CAA.  For this reason, Plaintiff cannot establish a claim for relief that is plausible on its face, and Plaintiff's FLSA claim must be dismissed for failure to state a claim for which relief can be granted.

### C. Hostile Work Environment Claim

In Plaintiff's Opposition to Defendant's Motion to Dismiss, he claims that "conditions constituting hostile work environment are ingrained in the culture of the Capitol Police Department." See Plaintiff's Opposition to Defendant's Motion to Dismiss at 4.  A work environment is considered "hostile" under Title VII only when it is "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 78 (1998) quoting Harris v. Forklift Sys., Inc. 510

U.S. 17, 21 (1993). To determine whether a work environment is sufficiently "hostile" to support a Title VII claim, the Court must look at the totality of circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Harris, 510 U.S. at 23.

Even assuming the truthfulness of the additional allegations asserted by Plaintiff in his Complaint, none of Plaintiff's allegations support a hostile work environment claim as a matter of law. With regard to his claim that the Defendant did not investigate an anonymous letter, Plaintiff does not dispute that he is not mentioned in the anonymous letter and does not state how he may have been adversely affected by a letter regarding other individuals. Plaintiff has plead no facts suggesting that Defendant's alleged failure to investigate an anonymous letter had any impact on his work environment or even his ability to perform his job. That alleged fact does not suggest the existence of an objectively hostile work environment that is "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." Harris, 510 U.S. 17 at 21.

Plaintiff argues that his claim that the Defendant did not investigate an anonymous letter, is but one of a number of allegations against Defendant that are indicative of a hostile working environment. See Plaintiff's Opposition to Defendant's Motion to Dismiss at 4. He then alleges additional instances in which Defendant failed to investigate "slanderous allegations" of impropriety among unnamed black employees of the U.S. Capitol Police Department. Id. Although Plaintiff described these ambiguous situations as "insulting and humiliating," Plaintiff

neither claims that he has been the subject of any of these "serious allegations," nor has he plead any facts suggesting that Defendant's alleged failure to investigate these allegations had any impact on his work environment or even his ability to perform his job. The alleged facts do not suggest the existence of an objectively hostile work environment that satisfies the standard set forth in Harris above. Therefore, the Court should dismiss Plaintiff's hostile work environment claim for failure to state a claim for which relief can be granted.[1]

Accordingly, because this Court lacks jurisdiction to hear Plaintiff's claim, and because Plaintiff fails to state a claim upon which relief may be granted, this Court should dismiss this case.

Dated: March 6, 2008                                Respectfully Submitted,


                                                    /s/   Jeffrey A. Taylor
                                                    JEFFREY A. TAYLOR, D.C. BAR # 498610
                                                    United States Attorney


                                                    /s/   Rudolph Contreras
                                                    RUDOLPH CONTRERAS, D.C. BAR #434122
                                                    Assistant United States Attorney

---

[1] In Part (C) of Plaintiff's Opposition to Defendant's Motion to Dismiss, he argues that Defendant concedes Plaintiff's allegation of retaliation relative to his ability to attend the Johns Hopkins Graduate Public Safety Executive Leadership Program ("PELP") as true. However, Defendant chose not to address that issue or Plaintiff's allegation regarding the Johns Hopkins Public Safety Aspiring Leaders Program ("PALP") in its Motion to Dismiss because this Court has found that even accepting that Plaintiff's allegations are true, such a minor inconvenience such as training "falls well below the minimum threshold" to support a charge of retaliation. Powell v. Castaneda, --- F.Supp.2d. ----, 2007 WL 4395058, at * 5 (D.D.C. Dec.18, 2007) (quoting Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 126 S.Ct. 2405, 2415; also quoting Rochon v. Gonzales, 438 F.3d 1211, 1219). However, with the permission of the Court, Defendant will seek leave to supplement this argument following the Court's resolution of the pending motion.

    /s/   Brandon L. Lowy
BRANDON L. LOWY
Special Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0364

Of Counsel:

FREDERICK M. HERRERA (DC Bar. #423675)

United States Capitol Police Board

    Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of March, 2008, I caused the foregoing Reply in Support of its Motion to Dismiss, and served upon plaintiff by first-class mail, postage prepaid, addressed as follows:

FRANK ADAMS
5817 South Marwood Boulevard
Upper Marlboro, MD 20772


    /s/ *Brandon L. Lowy*
BRANDON L. LOWY