UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
FRANK ADAMS,                        )
                                    )
            Plaintiff,              )
                                    ) Civil Action No. 07-936  (EGS)
      v.                            )
                                    )
UNITED STATES CAPITOL POLICE        )
BOARD,                              )
                                    )
            Defendant.              )
_____)

## MEMORANDUM OPINION

Plaintiff Frank Adams brings this action under the Age Discrimination in Employment Act ("ADEA"), the Fair Labor Standards Act ("FLSA"), and Title VII of the Civil Rights Act of 1964 ("Title VII").  Pending before the Court is Defendant's Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Upon consideration of the motion, the response and reply thereto and the entire record, and for the reasons articulated in this Memorandum Opinion, Defendant's Motion to Dismiss is **GRANTED** for lack of subject-matter jurisdiction.

**I.   Background**

Plaintiff Frank Adams is a 54 year-old African-American Lieutenant with the United States Capitol Police Board ("USCP").  Compl. ¶ 1.  Plaintiff is also a member of the Blackmon-Malloy

class action in this Court alleging employment discrimination by the USCP against African-American officers. *Id.* ¶ 5; *see Blackmon-Malloy v. United States Capitol Police Bd.*, Civ. No. 01-02221. Plaintiff filed this Complaint against USCP on May 21, 2007, bringing claims under the ADEA and the FLSA, as well as under Title VII for hostile work environment and retaliation. *Id.* ¶¶ 6-9. Plaintiff avers that he was discriminated against on account of his age when the USCP approved settlements for younger officers that alleged age discrimination, but did not approve a settlement for him. *Id.* ¶ 6. Additionally, Mr. Adams claims that he was denied fair overtime compensation because he was wrongfully classified as an exempt employee under the FLSA. *Id.* ¶ 7. Plaintiff further alleges that he was subject to a hostile work environment because the USCP refused to properly investigate a letter describing misconduct by two of the highest-ranking African-American officers on the force. *Id.* ¶ 8. Finally, Plaintiff argues that USCP retaliated against him for his participation in the Blackmon-Malloy class action by changing the eligibility requirements of the John Hopkins Graduate Public Safety Executive Leadership Program ("PELP"), making it impossible for him to participate. *Id.* ¶ 9.

Plaintiff demands a jury trial and seeks an injunction enjoining Defendant from discriminating and retaliating against him. *Id*. ¶¶ 11-12. Mr. Adams also requests that the Court order the USCP to provide him with funds and leave to pursue advanced educational opportunities, promote Plaintiff to Inspector, award maximum compensatory damages allowed by law, award all of Plaintiff's costs including reasonable attorney fees and expert witness fees, award full back pay for promotional opportunities denied, award overtime compensation not paid, discipline discriminating officials and provide any other relief the Court deems just. *Id*. ¶¶ 13-18.

On November 26, 2007, Defendant filed a Motion to Dismiss alleging that Plaintiff failed to exhaust administrative remedies before filing this Complaint. Alternatively, Defendant argues that Plaintiff failed to state a claim upon which relief could be granted.[1]

## II.  Standard of Review

### 1.  Rule 12(b)(1)

On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing that the

---

[1] Because the jurisdictional issue is controlling, the Court will only address the arguments raised under Federal Rule of Civil Procedure 12(b)(1).

court has subject-matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion because subject-matter jurisdiction focuses on the court's power to hear the claim. *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003). In resolving a motion to dismiss for lack of subject-matter jurisdiction, the Court may consider materials outside the pleadings to determine whether it has jurisdiction. *Alliance for Democracy v. Fed. Election Comm'n*, 362 F. Supp. 2d 138, 142 (D.D.C. 2005).

When a plaintiff fails to exhaust administrative remedies, dismissal under 12(b)(1) is appropriate. *Blackmon-Malloy v. United States Capitol Police Bd.*, 338 F. Supp. 2d 97, 101 (D.D.C. 2004); *Martin v. United States EPA*, 271 F. Supp. 2d 38, 42 (D.D.C. 2002); *Halcomb v. Office of the Senate Sergeant-At-Arms of the United States Senate*, 209 F. Supp. 2d 175, 179 (D.D.C. 2002). While plaintiffs bear the burden of persuasion to establish subject matter jurisdiction in response to a 12(b)(1) motion to dismiss, *see Thompson v. Capitol Police Bd.*, 120 F. Supp. 2d 78, 81 (D.D.C. 2000), bare allegations of exhaustion are not sufficient to establish jurisdiction. *See Vinieratos v.*

*United States Dep't of Air Force*, 939 F.2d 762, 772 (9th Cir. 1991); *Blackmon-Malloy*, 338 F. Supp. 2d at 107.

### 2. Pro se litigants

The pleadings of pro se parties "[are] to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S. Ct. 2197, 2199 (2007) (internal quotation marks and citations omitted). However, "although a court will read a pro se plaintiff's complaint liberally, a pro se complaint, [no less than any other complaint], must present a claim on which the Court can grant relief." *Chandler v. Roche*, 215 F. Supp. 2d 166, 168 (D.D.C. 2002) (citing *Crisafi v. Holland*, 665 F.2d 1305, 1308 (D.C. Cir. 1981)).

### III. Discussion

Defendant moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) on the grounds that Plaintiff has failed to exhaust administrative remedies. The Congressional Accountability Act ("CAA") provides the exclusive remedy by which legislative branch employees can bring a suit challenging employment discrimination. 42 U.S.C. § 2000e-16(a) (2008). The CAA extends the rights and protections of the ADEA, FLSA and

Title VII, among other existing laws, to legislative branch employees. *See* 2 U.S.C. §§ 1302, 1311. In order for a district court to have jurisdiction over a civil action commenced by a covered employee, the CAA requires the exhaustion of certain administrative remedies including: (1) a request for counseling within 180 days of the alleged violation; (2) attendance at a counseling session in person; (3) a request for mediation within 15 days of receiving notice of the end of the counseling period; and (4) attendance at a mediation session in person. 2 U.S.C. §§ 1402, 1403. Only after a plaintiff timely complies with counseling and mediation requirements set forth by the CAA does the United States waive its sovereign immunity from suit. *Blackmon-Malloy*, 338 F. Supp. 2d at 109.

Mr. Adams asserts that he has exhausted administrative remedies by completing counseling and mediation with the Office of Compliance. Compl. ¶ 4. While Plaintiff avers that he has completed counseling and mediation pursuant to the CAA, mere allegations of completion are insufficient to establish jurisdiction. *Blackmon-Malloy*, 338 F. Supp. 2d at 107.

In *Blackmon-Malloy*, a consolidated action which includes Plaintiff's original complaint for racial discrimination, this Court determined that:

> "[O]nly employees who have completed counseling and mediation have a right of action under the CAA. *See* 2 U.S.C. §§ 1361(e), 1402, 1408. Otherwise, permitting officers who have not exhausted their administrative remedies to proceed through the class action mechanism would impermissibly create a substantive right and remedy in contravention of the doctrine of sovereign immunity." *Id.* at 106.

Blackmon-Malloy demonstrates that an employee shall not be permitted to "complete mediation" by merely requesting mediation and then failing to participate. *Id.* at 109.

Plaintiff's requested counseling period began December 13, 2006 and ended January 12, 2007, and his requested mediation period began January 23, 2007 and ended February 22, 2007. Compl. ¶ 4. Defendant claims that Plaintiff failed to attend a mediation session during the thirty-day mediation period, and therefore did not exhaust his administrative remedies before filing this complaint. Mot. to Dismiss at 2.

Both Plaintiff's complaint and his opposition to defendant's motion to dismiss are silent as to any actual meetings held during either the counseling or mediation periods. In his complaint, Mr. Adams states that the mediation period "began on January 23, 2007 and ended February 22, 2007," but omits whether a counseling session or mediation session took place within that time frame. Compl. ¶ 4. In response to defendant's charge that plaintiff failed to attend a mediation session, plaintiff points

7

to a Mediation Agreement that was attached as an exhibit to his complaint.  Compl. Ex. A.  This agreement indicates that the parties began active mediation on or after February 23, 2007, the day after the thirty-day mediation period expired, but fails to establish that the parties actually met as required during the mediation period.[2]  Because Plaintiff failed to support his allegation that he exhausted the required administrative remedies under the CAA, the Court lacks subject-matter jurisdiction to adjudicate this matter.

**IV. Conclusion**

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED**, subject to a motion for reconsideration for good cause shown.  Plaintiff's claims against defendant United States Capitol Police Board shall be dismissed.  An appropriate order accompanies this memorandum opinion.

**Signed:    Emmet G. Sullivan**
            **United States District Judge**
            **July 15, 2008**

---

[2] To mediate past the thirty-day period, the CAA requires parties to submit a joint request to extend mediation.  2 U.S.C. § 1403(c).  Plaintiff does not allege that a joint request was made to extend the mediation period, nor does plaintiff allege that a mediation session took place during an extended mediation period.